IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DR. PETER SLANE, DC, ND and
DIVINE HEALTH & NATURAL HEALING LLC,         OPINION AND
                                             ORDER
     Plaintiffs,
                                             06-C-632-C
  v.

MASURU EMOTO,
I.H.M. CO., LTD.,
HIRO EMOTO and
HADO PUBLISHING USA,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  This is a civil action for intentional misrepresentation and a violation of Wis. Stat. § 100.18.  Plaintiffs allege that they bought a number of medical devices from defendants (or some of them) that do not do what they are supposed to do.  Jurisdiction is present under 28 U.S.C. § 1332. (Plaintiff alleges that the parties are of diverse citizenship and the amount in controversy is more than $75,000.)

  Defendants have filed a motion to dismiss in which they contend that plaintiffs' complaint does not include the allegations required by Fed. R. Civ. P. 9(b), which requires that all averments of fraud be pleaded with particularity.  I agree with defendants that Rule

1

9 applies to both of plaintiff's claims and that plaintiffs have not adequately identified (1) which defendants made which misrepresentations; and (2) in what context those misrepresentations were made.

Plaintiffs consistently allege that "Defendants" made the misrepresentations, but that is not sufficient. Each defendant is entitled to notice of his or its involvement in making each misrepresentation. Therefore, plaintiffs must which particular defendant made each representation. If plaintiffs believe that a particular defendant is liable for a misrepresentation made by another defendant, plaintiffs must allege enough facts about the relationship between those defendants to put the "non-speaking" defendant on notice of its involvement.

Further, although plaintiffs allege that defendants made misrepresentations in books and at seminars, plaintiffs do not say which representations were made in what books and at what seminars. Because Rule 9 requires the plaintiff to identify in his complaint the time, place and method of each misrepresentation, I must conclude that plaintiff's complaint is defective.

I also agree with defendants that plaintiffs have failed to allege that defendants knew that their representations were false and that they had an intent to deceive. Although these elements of fraud may be alleged generally, they must be alleged.

I will give plaintiff until October 15, 2007, in which to file and serve an amended

complaint that addresses these deficiencies. I recognize that this date is only a few days before the deadline for filing dispositive motions, but defendants should know that I will not extend that deadline on account of the amended complaint. It was defendants' choice to wait more than nine months to file their motion to dismiss. (Defendants answered the complaint in November 2006.) Thus, they will not be rewarded for their tardiness by receiving additional time to file a motion for summary judgment.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Masuru Emoto, I.H.M. Co., Ltd., Hiro Emoto and Hado Publishing USA is GRANTED. Plaintiffs Peter Slane and Divine Health & Natural Healing LLC may have until October 15, 2007, in which to file an amend complaint that complies with Fed. R. Civ. P. 9(b).

Entered this 5th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3